# United States District Court

## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL COMPLAINT** |
| v. | |
| **OLEGARIO CHAVARIN** | CASE NUMBER: 1:15-mj-0885 |

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about December 2, 2015, in Marion County, in the Southern District of Indiana defendant did,

Count 1: Possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methampheatmine, in violation of Title 21, United States Code, Section 841(a)(1).

I further state that I am a Special Agent, and that this complaint is based on the following facts:

See attached AFFIDAVIT

**Continued on the attached sheet and made a part hereof.**

_____
Matthew Stumm, Task Force Officer, DEA

Sworn to before me, and subscribed in my presence

December 4, 2015                                    at    Indianapolis, Indiana
**Date**

Mark J. Dinsmore, U.S. Magistrate Judge
**Name and Title of Judicial Officer**                    **Signature of Judicial Officer**

# AFFIDAVIT

Matthew Stumm, Task Force Officer, with the United States Drug Enforcement Administration (DEA), being duly sworn, deposes and states:

1.    I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General. I am a Police Officer with the Pittsboro, Indiana Police Department since 2005. I have been a Task Force Officer with the Drug Enforcement Administration (DEA) since 2009. In connection with my official DEA duties, I investigate criminal violations of state and federal controlled substance laws, including, but not limited to, Title 21, United States Code, Sections 841, 843, 846 and 848, as well as the laundering of drug trafficking proceeds in violation of Title 18, United States Code, Sections 1956 and 1957. I have personally conducted and/or assisted in numerous criminal investigations involving controlled substances and money laundering. I have received special training in the enforcement of laws concerning controlled substances as found in Title 21 of the United States Code. I have testified in judicial proceedings and prosecutions for violations of controlled substance laws. I also have been actively involved in various types of electronic surveillance, including wire and electronic communication interception. I have participated in the debriefing and interviews of defendants, witnesses, informants (confidential sources), and others who have knowledge both of the distribution and transportation of controlled substances and also of the laundering and concealing of proceeds from drug trafficking. I have reviewed numerous investigative reports and interviews related to the possession, manufacture, and delivery of, including possession with intent to deliver, controlled substances. I am familiar with the ways in which drug traffickers conduct their business, including, but not limited to, their methods of

1

importing and distributing controlled substances and their use of telephones and code language to conduct their transactions. I am familiar with and have participated in all of the normal methods of investigation, including, but not limited to, visual surveillance, the general questioning of witnesses, the use of informants, the use of pen registers, and undercover operations. I have had conversations with drug traffickers concerning their methods of operation in the course of investigative interviews and have participated in the execution of numerous search warrants relating to illegal drug trafficking. My experience and training enable me to recognize methods and means used for the distribution of controlled substances and for the organization and operation of drug conspiracies, including the means employed to avoid detection.

2. This affidavit is being submitted in support of a criminal complaint for charging Olegario Chavarin with possessing with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

3. I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation, from discussions with other agents of the DEA, MDTF, IMPD, and other law enforcement, from my discussions with witnesses involved in the investigation, and from my review of records and reports relating to the investigation. Unless otherwise noted, wherever in this Affidavit I assert that a statement was made, the information was provided by another Special Agent, Task Force Officer, law enforcement officer, or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in

substance and in part unless otherwise indicated.

    4.    On December 2, 2015, members of DEA Indianapolis Group 52, the Indianapolis Metropolitan Drug Task Force (MDTF), and the Indianapolis Metropolitan Police Department (IMPD) Criminal Interdiction Unit conducted a narcotics investigation that led agents to the Pilot Travel Center located at 4607 S. Harding Street, Indianapolis, Indiana. Surveillance video obtained by law enforcement showed the driver of a tractor trailer, later identified as Simon Castro, meeting with two Hispanic males driving a blue Honda sedan bearing Indiana license plate 990MHR.[1] One of the Hispanic males was subsequently identified as Olegario Chavarin and the identity of the other Hispanic male is unknown at this time. The surveillance video showed Chavarin and the other Hispanic male give Castro a large gym bag and a step ladder which Castro took into the trailer compartment. A few moments later, Castro appeared from the trailer compartment and returned the bag and ladder to Chavarin and the unknown Hispanic male. Shortly thereafter, the blue Honda departed the area and Castro re-located and parked his tractor trailer in the Pilot parking lot. At approximately 7:30 p.m., agents observed the blue Honda parked in the rear of 419 Ketcham Street, Indianapolis, Indiana. Agents maintained surveillance on both the tractor trailer and the blue Honda.

    5.    Later that same evening, at approximately 7:51 p.m., DEA S/A Matt Holbrook, MDTF Detectives Scott Wolfe and Jesus Soria made contact with Castro, who was watching television inside the tractor trailer. Castro indicated to agents he was transporting a load of frozen potato skins from Maine to California. Castro initially stated that he had not met with anyone earlier in the evening, but then changed his story and admitted that he met with two Hispanic males in a blue Honda. Castro then provided agents verbal consent to search the tractor

---

[1] The vehicle is registered to a 2003 blue Honda Accord to Olegario Chavarin at 419 Ketcham Street, Indianapolis, Indiana.

3

trailer. A search of the trailer compartment yielded a box of frozen potato skins with approximately 11 bundles of United States currency wrapped in gray duct tape concealed An official count of the currency has not been conducted; however, in your Affiant's experience I believe the amount of currency to be approximately $150,000 to $200,000.

6. On December 2, 2015, at approximately 9:45 p.m., members of DEA, MDTF, and IMPD knocked on the door of 419 Ketcham Street, Indianapolis, Indiana. Law enforcement made contact with Chavarin, who was the sole occupant of the residence. Chavarin agreed to speak with agents. Agents notified Chavarin they were conducting a narcotics investigation that led them to his residence. Chavarin agreed to cooperate with agents and gave verbal consent to search the Ketcham residence. During a search of the residence, agents seized approximately 10 pounds of suspected methamphetamine hidden behind the kitchen cabinets. The substance field tested positive for the presence of methamphetamine. Agents also recovered a digital scale from the drawer under the stove in the kitchen and a vacuum sealer from the living room area. A further search of the residence yielded two packages of frozen potato skins which were consistent with the frozen potato skins being transported in Castro's tractor trailer.

7. Based upon the above numbered paragraphs, I believe from my training and experience that probable cause exists to charge Chavarin with possessing with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of

methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

_____
Matthew Stumm, Task Force Officer
Drug Enforcement Administration


Sworn to before me this 4th day of December, 2015.

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

5